


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEE RUSSELL, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>TERRI MOCKLER, et al.,<br><br>    Defendants. | No. C 15-02015 HRL (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br><br>(Docket No. 12) |

Plaintiff, a state prisoner at Pelican Bay State Prison, filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Docket No. 5), which the Court dismissed with leave to amend on May 28, 2015 (Docket No. 11). Before receiving the Court's order of dismissal with leave to amend, Plaintiff filed a pleading titled "First Amendment Petition," which the Court will treat as a first amended complaint ("FAC"). In this order, the Court will screen Plaintiff's FAC.

### DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff previously named as defendants Terri Mockler, Thomas Maddock, the Ninth Circuit, the Judicial Council Performance, and the Contra Costa County Jail. (Docket No. 5 at 1.) In his FAC, Plaintiff drops the Ninth Circuit and Judicial Council Performance as defendants, and adds Kathryn Seligman, the First District Appellate Project, Mark Peteron, and Rebecca Gledhill as defendants. The FAC is unintelligible. The FAC mentions trial court error; a lien that was not cleared; "prejudicial error;" change in appellate attorney; misconduct by lawyers not named as defendants; incorrect jury instruction; bullying of the jury; cumulative error; and denial of Plaintiff's right to a fair trial. The relief sought is speedier release but also $100 million dollars for "claims civil suit." Plaintiff's FAC suffers from the same deficiency as his original complaint --- it fails to state clearly what federal right, if any, was violated and how the named defendants specifically acted to violate his rights. Plaintiff will again be granted leave to amend to address this deficiency.

In preparing an amended complaint, Plaintiff must allege sufficient facts indicating what federal rights that were violated how specific defendant(s) under color of law acted to deprive him of those rights. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th

Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See <u>Leer</u>, 844 F.2d at 633 (inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

If Plaintiff is arguing that his claims entitle him to speedier release, he should bring these claims in habeas. <u>Skinner v. Switzer</u>, 131 S. Ct. 1289, 1293 (2011) (quoting <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005)) (habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement); see also <u>Calderon v. Ashmus</u>, 523 U.S. 740, 747 (1998); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The FAC is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint. The second amended complaint must include the caption and civil case number used in this order – Case No. C 15-02015 HRL (PR) – and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint will completely supersede the original complaint, and Plaintiff may not make references thereto.

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without**

**prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint, and two copies of the court's form petition, with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 6/2/15

HOWARD R. LLOYD
United States Magistrate Judge